GRIFFIN, J.
This is the appeal of an order granting summary final judgment arising out of a homeowners’ association lien foreclosure suit.
Plaintiff below, Eagles Nest Homeowners Association, Inc. [“Association”], filed separate complaints for hen foreclosure against defendants below, Donald J. Larson; David S. Garber; Robert and Patricia Mather; John and Jean Snead; and Bernard and Christine Rouschal [“Homeowners”]. The Association alleged their refusal to pay the full amount of assessments due pursuant to the Amended Rule Governing Rates and Methods of Collection of Dues and Other Special Assessments [“the Rule”]. Attached to the complaint was the Rule, claim of hen and notice of lis pendens. The Rule states in relevant part:
Pursuant to the Grant of Authority under Articles IX and X of the Articles of Incorporation of the [Association], and Article V, Section II, Bylaws of the [Association] [1] ... the Board of Directors ... hereby adopts this Rule for the Collection of Dues and Assessments:
1. This Rule shall apply to ah lands subject, currently or in the future, to Covenants and Restrictions recorded in [public records].
2. Nothing in this Rule shall purport to change the method of determining the amount of maintenance dues or special assessments as determined by *1017 chapter 617, Florida Statutes,[2] the Articles of Incorporation or the Bylaws as set forth above; and this rule shall apply only to collection of maintenance dues and special or other assessments.
3. Maintenance dues in the amount of one-fourth (]4) of the annual assessment shall be due quarterly, beginning with January 1, 1999, and continuing thereafter to be due on the first day of April, July, and October for so long as this rule shall remain unmodified. Special or other Assessments shall be due on such date as directed by the proceedings adopting them, and if unpaid by such date, shall be collected as set out below. All such Maintenance Dues or Assessments of whatever kind shall be called “Assessments” in this rule hereinafter.
The remaining provisions detail the proper hen procedure for unpaid assessments. The claim of hen provides that the delinquent assessments are “for North-end roads/taxiways; Boat/Seaplane ramp; Engineering and Permitting for remaining roads/taxiways.” Based upon the parties’ stipulation, the court entered an order consolidating the actions.
The Homeowners filed an answer and affirmative defenses denying all allegations except to admit that they were owners of their respective properties. The affirmative defenses asserted were estoppel, lack of authority by Association to enforce a claim of hen, invalid special assessment and the refusal of the Association to accept the Homeowners’ regular assessments thereby creating a default.
The Association filed a response to the Homeowners’ affirmative defenses, generally denying each defense and, subsequently, filed a motion for summary judgment. The affidavit of Robert Mahanor, the Secretary/Treasurer of the Association, was attached in support of the Association’s motion for summary judgment. Maha-nor’s affidavit set forth that he had personal knowledge of the facts that hens had been filed against Homeowners pursuant to the governing documents of the Association and the Rule for unpaid maintenance fees, that the assessments had not been paid, that some of the Homeowners tendered partial payments which were returned pursuant to paragraph 6 of the Rule,[3] and the amounts owed by each Homeowner. On December 19, 2001, the Association filed a request for admissions that the Rule was genuine and recorded, as well as that the Homeowners had not tendered the full amount of the assessments claimed under the Rule. The Homeowners filed a response to the request for admissions on January 18, 2002. Specifically, the response stated:
1. Denied as to [the Rule’s] authority and enforceability. The [Homeowners] would in good-faith qualify their denial by admitting that the [Rule] attached to the Complaint filed herein is a true and accurate copy of a document recorded within the official records.
2. Admitted. [Homeowners] would in good-faith qualify their admission by asserting that [Association] has refused all regular dues from all [Homeowners] and that not all assessments claimed under the [Rule] are legitimate, valid, or enforceable when reviewed and compared to applicable covenants, law and statute.
*1018 The Homeowners also submitted a filing in opposition to the motion for summary judgment. Homeowners asserted that because the Rule was recorded after the Homeowners acquired title and recorded their deeds, the Rule was not applicable to their property. The Homeowners also asserted that the assessments were inconsistent with the number of lots owned by each Homeowner and that the assessments were for improvements not authorized by the Rule. Attached to the filing were the warranty deeds for each Homeowner’s property and an affidavit by Homeowners John and Jean Snead. The affidavit included the following:
5. The portion of the lien claiming for “Delinquent assessments for North-end roads/taxiways'; Boat/Seaplane ramp” were for improvements to PRIVATE property subject to easements owned by unit owners and the Association; and
6. The portion of the lien claiming for assessments for “Permitting for remaining roads/taxiways” is for additional improvements to PRIVATE property subject to easements owned by unit owners and the Association as well as Association property; and
7. Our deeds and restrictions attached thereto are the same or substantially similar to other [Homeowners] in this matter and contain no provision for these types of improvements to property; and
8. We dispute the board rule as enforceable because it is not a part of any of our deeds or the covenants for which we took title to the Eagles Nest property; and
9. We believe, even if valid, the board rule can’t be enforced to collect dissimilar assessments from us than others; All lots are not charged, only some owners are charged and different owners change the names of their lots in order to gain voting rights or to be assessed less than others; And not all owners were required to pay the special assessment; and
10.We dispute the validity of the board rule; It refuses our maintenance dues that we are obligated to pay under the covenants but supposedly permits a lien against us for a special assessment for improvements not authorized under the covenants; We attempted to pay what we believe was authorized and attached to this affidavit is a true and correct copy of correspondence sent by our attorney to the Association’s attorney giving funds on our behalf and the Association’s response, refusing payment.
Attached to the affidavits was a letter from their attorney to the Association’s counsel discussing these issues in somewhat more detail.
The Association filed a memorandum in response to the Homeowners’ filing in opposition to the motion for summary judgment. The memorandum argued that the Homeowners had not produced any evidence to support their assertions. It further states:
The question here is whether there is a valid assessment of [Homeowner’s] property by the [Association], not what the assessment was for. If the purpose of [Homeowner’s] affidavit is to set up an argument that the Rule is invalid, then they have the burden of bringing those facts and that law forward in their affidavit. The Rule cites the governing documents on which it relies for authority — all [Homeowners] would have to do is show, by statute, enabling document or case law, that the Rule is not valid on its face and their case would be made for summary judgment purposes. But, they fail to do exactly that. And, they must bring law or facts before the Court *1019 that support their point-just saying they do not like the result is not enough.
A hearing was held, and the trial court entered summary judgment for the Association and awarded attorney’s fees as the prevailing party. We reverse because we conclude that an issue of fact or law was raised in the Snead affidavits that was not dispelled by the Association. Specifically, the record does not demonstrate the absence of any issue concerning the propriety of the assessment for the items objected to by the Homeowners. The Association’s affidavit does not address this point, and we are unable to determine on this record that this defense is devoid of legal or factual merit. We do not say that this issue cannot be determined on summary judgment, merely that the record does not demonstrate the absence of a factual dispute or the Association’s entitlement to judgment on this defense as a matter of law.
The Association urged below, and again on appeal, that the pleadings and affidavits of the Homeowners are “fact-less” and mere “disagreements” that do not present an adequate defense to the assessment. Perhaps the trial court had the benefit of a legal argument not produced here. On appeal, we simply have a continuation of the internecine quarrel between counsel over who has the burden of playing a card first. Unfortunately, when the appellate court cannot see enough of the hand to be sure of the winner, the burden always falls on the summary judgment movant. Reversal is required. If this turns out to have been a waste of the court’s time, other remedies are available.
REVERSED and REMANDED.
PALMER and TORPY, JJ., concur.

. These documents granting assessment and lien authority to the Association have not been included in the record.

. Renumbered as § 720.305 by Laws 2000, c.2000-258, § 51, eff. July 1, 2000.

. Paragraph 6 of the Rule provides in relevant part: "[a]ny payment received after the lien is recorded shall be returned unless it is for the full amount then due.”